UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHARLES CULTRARA,

          Plaintiff(s),

   v.

TIMEX GROUP USA INC.,

          Defendant(s).

CASE NO. C26-0445-KKE

ORDER TO SHOW CAUSE

Plaintiff filed this putative class action in King County Superior Court, complaining that Defendant sent him and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. No. 1-4. Defendant removed the action to this Court. Dkt. No. 1. Defendant subsequently filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 26.

The courts in this district have questioned whether plaintiffs in similar actions lack Article III standing, and have handled that question differently. *See, e.g.*, *Liss v. Skechers USA Inc.*, No. 3:25-cv-05861-DGE, 2026 WL 1392327, at *3 (W.D. Wash. May 19, 2026) (finding that plaintiff satisfies the standing requirement); *Nuri v. True Religion Apparel*, No. 2:25-cv-00690-LK, 2026 WL 864886 (W.D. Wash. March 30, 2026) (remanding for lack of standing); Minute Orders, *Harrington v. Vineyard Vines, LLC*, No. 25-1115 TSZ (W.D. Wash.), Dkt. No. 48 (finding the

ORDER TO SHOW CAUSE - 1

question of whether plaintiffs lack standing to be "unclear" and ordering supplemental briefing), Dkt. No. 64 (staying case pending the Ninth Circuit's ruling in *Montes v. SPARC Group, LLC*, No. 23-35496 ("*Montes* I")).

To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). A court in the Eastern District of Washington has found that a plaintiff in a similar CEMA/CPA action lacked Article III standing because her complaint failed to allege a concrete harm, and that order has been appealed to the Ninth Circuit. *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025) ("*Montes* II"). Briefing in the appeal is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

"It is the duty of federal courts to assure themselves that their jurisdiction is not being exceeded." *HayDay Farms, Inc. v. FeeDx Holdings, Inc.*, 55 F.4th 1232, 1238 (9th Cir. 2022) (quoting *In re Ryther*, 799 F.2d 1412, 1414 (9th Cir. 1986)). Because the resolution of the *Montes* II appeal is likely to provide guidance to this Court on the threshold jurisdictional question of standing, a stay of this case may be appropriate while that appeal is pending. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").

ORDER TO SHOW CAUSE - 2

The parties are ORDERED TO SHOW CAUSE, no later than July 1, 2026, why this case should not be stayed pending the Ninth Circuit's ruling in the *Montes* II appeal. The parties' responses to this order shall not exceed 1,800 words. Failure to respond to this order will be construed as consent to a stay.

Dated this 12th day of June, 2026.

Kymberly K. Evanson
United States District Judge

ORDER TO SHOW CAUSE - 3