UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES CULTRARA,<br>Plaintiff(s),<br>and<br>STATE OF WASHINGTON,<br>Intervenor-Plaintiff,<br>v.<br>TIMEX GROUP USA INC.,<br>Defendant(s). | CASE NO. C26-0445-KKE<br>ORDER REMANDING CASE |

## I. BACKGROUND

Plaintiff Charles Cultrara filed this putative class action in King County Superior Court, complaining that Defendant Timex Group USA, Inc., sent him and other Washington consumers marketing emails with false or deceptive subject lines, in violation of Washington's Commercial Electronic Mail Act ("CEMA") and Consumer Protection Act ("CPA"). *See* Dkt. No. 1-2. Timex sent Cultrara multiple such email promotions in October, November, and December 2025. *Id.* ¶¶ 80–82.

Timex removed the action to this Court (Dkt. No. 1), and then filed a motion to dismiss (Dkt. No. 14), which it renewed after Cultrara amended his complaint. Dkt. Nos. 22, 26. The Court granted the parties' stipulated motion to permit the State of Washington to intervene as a

Plaintiff. Dkt. No. 34. The Court ordered the parties to show cause why the case should not be stayed pending the Ninth Circuit's ruling in *Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026), due to uncertainty as to whether Cultrara lacks Article III standing. Dkt. No. 33. Timex responded to the Court's order to argue that Cultrara has Article III standing, but that if the Court finds that standing is "an open question," then a stay pending a *Montes* ruling would be appropriate. Dkt. No. 38 at 3. Cultrara responded to request a remand, rather than a stay. Dkt. No. 37. The State of Washington did not respond to the Court's order.

Because Article III standing is a threshold issue, the Court will start there to determine the appropriate path forward. *Calif. Sea Urchin Comm'n v. Bean*, 239 F. Supp. 3d 1200, 1203 (C.D. Cal. 2017) ("Standing is a 'threshold question in every federal case.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975))).

## II. ANALYSIS

### A. Legal Standards

"Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). To establish Article III standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). For an injury to be "concrete," it "must actually exist"; it must be "real, and not abstract." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), *as revised* (May 24, 2016) (citation modified). For an injury to be particularized, "it must affect the plaintiff in a personal and individual way" such that the plaintiff "personally has suffered some actual or threatened injury." *Id.* (citation modified).

"Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue that private defendant over that violation in federal court." *TransUnion,* 594 U.S. at 427.

A party may remove a state court action to federal district court only if the action could have originally been filed in federal court. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025); 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The burden of establishing removal jurisdiction, even in [Class Action Fairness Act of 2005] cases, lies with the defendant seeking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). The court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If the district court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case back to state court. 28 U.S.C. § 1447(c). If the plaintiff in a removed case lacks Article III standing, the court must remand the action for lack of subject matter jurisdiction, rather than dismiss it. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B. The Complaint Fails to Describe a Concrete Injury in Fact to Satisfy Article III.**

A court in the Eastern District of Washington has found that a plaintiff in a CEMA/CPA action similar to Cultrara's action here lacked Article III standing because her complaint failed to allege a concrete harm to satisfy the injury-in-fact requirement, and that order has been appealed to the Ninth Circuit. *See Montes v. Catalyst Brands LLC*, No. 2:25-CV-0281-TOR, 2025 WL 3485827, *2–3 (E.D. Wash. Dec. 4, 2025). Briefing in the appeal is ongoing. *See Montes v. Penney OpCo, LLC*, No. 26-241 (9th Cir. 2026).

In *Montes*, the court explained that it "fails to see how receiving an email with a misleading or false subject line harmed Plaintiff in a concrete manner that would rise to the level required for standing." 2025 WL 3485827, at *3. The *Montes* court stated that although the Western District

of Washington previously found that "CEMA identifies a right to be free from deceptive commercial emails[,]" this holding was based on authority indicating that "people have the right to be free from unsolicited marketing messages to ensure the right to privacy and prevent nuisance." *Id.* (citing *Harbers v. Eddie Bauer, LLC*, 415 F. Supp. 3d 999, 1005 (W.D. Wash. 2019[1]); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1042 (9th Cir. 2017)). But because the *Montes* plaintiff (unlike the *Harbers* plaintiff) consented to receive emails from the defendant, the *Montes* court found no similar "invasion of privacy or any similar injury to constitute a concrete harm." *Id.*

In this case, the complaint is silent as to whether Cultrara consented to receive emails from Timex. *See* Dkt. No. 1-2.[2] But in neither this case, nor in others where this Court has recently found a lack of Article III injury, does Cultrara allege that the emails were unsolicited. *See, e.g.*, *Huong v. Béis*, No. C26-0207-KKE, 2026 WL 2620511 (W.D. Wash. Sep. 4, 2026); *Isbell v. Jonathan Adler Enters., LLC*, No. C25-2596-KKE, 2026 WL 2568556 (W.D. Wash. Aug. 31, 2026); *Wade v. Elemis USA, Inc.*, No. C26-0515-KKE, 2026 WL 2500935 (W.D. Wash. Aug. 25, 2026); *Hutton v. Papa John's USA, Inc.*, No. C25-1922-KKE, 2026 WL 2210133 (W.D. Wash. July 31, 2026). Furthermore, in both this case and those cases, plaintiffs did not allege that they took any action (opening, reading, deleting, etc.) with respect to the emails or were otherwise aware of or harmed by their existence in their inboxes, nor did they allege that the emails in fact deceived them. *Id.*

---

[1] *Harbers* was decided prior to the Supreme Court's *TransUnion* decision discussed earlier in this order, which limits *Harbers*' authority here.

[2] To determine whether removal was appropriate, the Court looks to the allegations in "the pleadings filed at the time of removal without reference to subsequent amendments." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1085 n.1 (9th Cir. 2009)).

There is a growing consensus in this district that Cultrara's mere receipt of an email is insufficient to constitute an injury in fact that satisfies Article III. *See, e.g.*, *Stutsman v. Sirius XM Radio LLC*, __ F. Supp. 3d __, 2026 WL 2445129, at *4 (W.D. Wash. Aug. 20, 2026) (finding no Article III injury in fact where a complaint alleges "the mere receipt of alleged misleading or false marketing email subject lines, absent any allegation of economic loss, detrimental reliance, or any comparable injury"); *Merrick v. Premium Brands Opco LLC*, No. 2:25-cv-02291-JNW, 2026 WL 3025764, at *2 (W.D. Wash. Oct. 8, 2026) (collecting cases). The Court thus doubts that the complaint alleges a sufficient injury in fact, and must therefore remand. *Gaus*, 980 F.2d at 566 (explaining that a court must reject jurisdiction "if there is any doubt as to the right of removal in the first instance").

## III. CONCLUSION

For these reasons, the Court REMANDS this matter to King County Superior Court. Timex's motion to dismiss is TERMINATED as moot.

Dated this 15th day of October, 2026.

Kymberly K. Evanson
United States District Judge